IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02999-BNB

WILLIAM WILSON,

    Plaintiff,

v.

MITCHELL R. MORRISSEY, In his Official Capacity as District Attorney, Denver County
    Colorado,
PHILLIP GEIGLE, In his Official Capacity as Deputy District Attorney, Denver County,
    Colorado,
JOHN RANEY, In his Official Capacity as Special Agent, HUD-OIG, Denver Office, and
KEVIN HYLAND, In his Official Capacity as Agent, Colorado Bureau of Investigation,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, William Wilson, currently is held at the Van Cise-Simonet Detention Center in Denver, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983 and 1985(3). The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not serve as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Complaint will be dismissed.

Plaintiff's claims involve a pending state criminal proceeding. Plaintiff asserts that Defendants are prosecuting Colorado Criminal Case No. 12CR10231 against him in retaliation for his filing court grievances against state and federal officials who violated

his due process, equal protection, and Fourth Amendment rights. Compl., ECF No. 20, at 11. Plaintiff further asserts that the indictment under the COCCA (Colorado Organized Crime Control Act) Statute is an attempt to punish him for reasons other than enforcing state laws and was done because he is an Arab-American. Plaintiff also asserts that the current state prosecution is the latest in a series of state and federal investigations and prosecutions against him that began in 2002, one year after the 911 terrorist attack.

Plaintiff also contends that he is facing immediate irreparable injury because the pending state criminal case is interfering with his efforts to pursue an appeal in his federal criminal case, Case No. 08-cr-00263-KHV. Plaintiff seeks a stay of his state criminal case, Case No. 12CR10231, and an immediate return to the federal facility where he was incarcerated so he may perfect his federal appeal in Case No.08-cr-00263-KHV.

Plaintiff is challenging a pretrial detention. The proper vehicle for challenging a pretrial detention is 28 U.S.C. § 2241. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton (Phelps II)*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention under *Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims

>from the federal lawsuit. Third, the state proceeding must
>involve important state interests, matters which traditionally
>look to state law for their resolution or implicate separately
>articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). If the three requirements are met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the case. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

The first condition is met because Plaintiff's charges remain pending against him in his state court criminal case. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). Nothing in Plaintiff's complaint demonstrates that the state criminal proceeding is an inadequate forum for review of Plaintiff's retaliation claims. Accordingly, the state court proceeding offers Plaintiff a forum to raise his constitutional challenges and the adjudication of this federal lawsuit would unavoidably invade the state court's ability to decide the same issues. *See Younger,* 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-12 (1987) (noting that *Younger* abstention " 'offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests' ") (quoting *Moore v. Sims*, 442 U.S. 415, 429-30 (1979))).

With respect to the third condition, the State has an important interest in the administration of its judicial system but even a greater interest in the enforcement of its criminal laws. See *Penzoil*, 481 U.S. at 12-13 (citing *Juidice v. Vail*, 430 U.S. 327, 335 (1977).

The three exceptions to *Younger* abstention are: (1) "bad faith or harassment," (2) prosecution under a statute that is "flagrantly and patently" unconstitutional, or (3) other "extraordinary circumstances" involving irreparable injury. *Younger*, 401 U.S. at 46-55. The exceptions to *Younger* provide a "very narrow gate for federal intervention." *Phelps v. Hamilton (Phelps I)*, 59 F.3d 1058, 1064 (10th Cir. 1995) (internal quotation marks omitted).

Plaintiff, however, "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.' " *Phelps II*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id.* It is Plaintiff's " 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* at 890.

Plaintiff asserts that the state criminal prosecution has been brought in bad faith

4

because (1) prosecutors know that more than three years has lapsed since the alleged offenses took place and the statute of limitations has expired; (2) the conviction under the COCCA Statute is impossible to obtain; (3) the evidence being used against him was illegally obtained by federal agents and was the basis for two of his three federal prosecutions, two of which were dismissed; (4) the federal government has pledged no further prosecutions against Plaintiff in the District of Colorado based on the information available to the federal government; and (5) discovery would show that similarly situated non-Arab defendants accused of similar offenses were not indicted under the COCCA Statute.

      Plaintiff has not faced the COCCA charges before.  Even if the Court considers Plaintiff's two prosecutions in federal court for fraud and writing bad checks; a third for failure to appear; and an anticipated fourth, Plaintiff has not satisfied his heavy burden of showing harassment through oppressive prosecution.  *See Weitzel*, 240 F.3d at 877 (the petitioner's argument that he had been prosecuted three times did not satisfy his "heavy burden" of showing bad faith or harassment under *Younger*).  Plaintiff must demonstrate that he has faced a "substantial number of prosecutions and that a reasonable prosecutor would not have brought such multiple charges under similar circumstances."  *Phelps I*, 59 F.3d at 1066.  Plaintiff has failed to meet this burden.

      Plaintiff's allegations of harassing or bad faith purposes for the prosecutions are conclusory, and the anticipated fourth prosecution, is purely speculative.  Plaintiff provides no details of each prosecution other than alleging that in one of the prosecutions the government was unable to prove Plaintiff defrauded Aqua Finance and dismissed the case.  The government's motion to dismiss the indictment in *United*

5

*States v. Wilson*, No. 08-cr-00450 at ECF No. 352 (D. Colo. 2011), the criminal case involving allegations that Plaintiff defraud Aqua Finance, states that the government sought dismissal because Criminal Case No. 08-cr-00263 provided just punishment and the government had limited resources to continue with the prosecution. The government further stated that the evidence was sufficient to meet the burden of proof at trial and that the request to dismiss was not done in an attempt to regroup and recharge Plaintiff at a later date. *Wilson*, ECF No. 352. The trial court held the dismissal was proper and that Plaintiff's claims of misconduct and fraud were unsubstantiated and incredible. *Wilson*, ECF No. 367.

Plaintiff's conviction in Case No. 08-cr-00263 was affirmed on appeal and a rehearing was denied. As for the government's indictment for failure to appear at the trial proceedings in Case No. 08-cr-00263, and bench warrant for his arrest, *see United States v. Wilson*, No. 10-cv-00621-KHV ECF No. 45 at 1-2 (D. Colo. June 8, 2008), Plaintiff was arrested in Las Vegas at a motel where he had checked in using someone else's name and a counterfeit Colorado drivers license bearing his photograph. *Id.* Plaintiff was then returned to Colorado for the conclusion of his trial in Case No. 08-cr-00263. *Id.* at 2. The indictment in Case No. 10-cv-00621 was dismissed for the same reasons set forth above regarding Case No. 08-cr-00450. Based on the circumstances under which Plaintiff was found and returned to Colorado and the reason given by the government for requesting dismissal of the indictment in Case No. 10-cv-00621, the Court finds the government acted in good faith. Each of Plaintiff's three prosecutions, therefore, were reasonable, and Plaintiff fails to demonstrate bad faith or harassment on

the government's behalf.

To the extent Plaintiff is attempting to assert bad faith and harassment based on retaliation and a denial of equal protection, the Court finds his retaliation and equal protection claims are conclusory and vague.  First, Plaintiff's equal protection claim is speculative and without any factual basis that his equal protection rights have been violated.  He only suggests that discovery be conducted to find non-Arab defendants who had committed the same offenses but were not charged under the COCCA statute.

Second, "[m]ere allegations of constitutional retaliation will not suffice; plaintiff must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions").  Plaintiff fails to assert specific facts showing that his filing a grievance against state and federal officials was the "but for" cause for the filing of a state criminal action against him.

Furthermore, contrary to Plaintiff's arguments in support of his retaliation claim, the government did not state in the motion to dismiss in Case No. 08-cr-00450 that no further prosecution would take place in Colorado against Plaintiff.  The government stated the request for dismissal of the indictment in Case No. 08-cr-00450 was to end **federal criminal litigation**.  *Wilson*, ECF No. 352.  The government, therefore, has not acted in bad faith or broken any so-called "pledge" as suggested by Plaintiff.

Finally, the alleged sharing of evidence between federal and state agents does not equate to bad faith.  If Plaintiff believes the evidence was obtained illegally he has

the opportunity to challenge the legality of the evidence in his pending state criminal action.

To qualify under the second exception, Plaintiff must show that the underlying statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53-54 (quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941)). Nothing Plaintiff asserts about the COCCA Statute demonstrates the statute is flagrantly and patently unconstitutional.

Although Plaintiff claims the three-year statute of limitations period in the COCCA has expired with respect to most of the charges in the indictment, and no mortgage related indictments have been brought under the statute previously, these claims do not challenge the facial validity of the statute. Furthermore, "[a] state court's failure to properly apply a state statute of limitations does not violate due process or any other provision of the Constitution or a federal statute, and thus does not provide a basis for granting a writ of habeas corpus." *Gauntlett v. Cunningham*, 171 F. App'x 711, 715 (10th Cir. 2006) (quoting *Burns v. Lafler*, 328 F. Supp.2d 711 (E.D. Mich. 2004) (citations omitted)).

To establish extraordinary or special circumstances under the third exception, Plaintiff must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. Plaintiff asserts he will be irreparably injured if his current state criminal proceeding is not stayed and he is not allowed to return to federal custody, because he needs access to his legal papers so he may perfect his federal appeal in Case No. 08-cr-00263.

Plaintiff's ability to pursue an appeal in his federal criminal case has not been affected by his current placement at the Denver County Detention Center. The Court has reviewed the docket in Plaintiff's direct appeal in Case No. 08-cr-00263. After the Tenth Circuit affirmed the conviction on November 27, 2012, Plaintiff filed a 75-page petition for rehearing on January 10, 2013, which was denied on January 28, 2013. Plaintiff has been located at the Denver Detention Center since November 10, 2012. *See* ECF No. 6.

Given that (1) Plaintiff was able to prepare and submit a 75-page petition for rehearing while he was housed at the Denver Detention Center; (2) review in the United States Supreme Court is discretionary; and (3) Plaintiff has close to a year to file a 28 U.S.C. § 2255 motion, and longer if he elects to petition the United States Supreme Court for certiorari review, he has failed to assert that irreparable injury is great and immediate if he is not returned to federal custody and his pending state criminal proceeding is not stayed.

In summary, the instant action will be dismissed because the three conditions for abstention under *Younger* exist and none of Plaintiff's arguments demonstrate that there is a basis for an exception to *Younger* abstention.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice for the lack of jurisdiction. It is

FURTHER ORDERED that all pending motions are denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 4th day of March, 2013.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court